United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60668
Summary Calendar
_____

AMIN NOORANI,

Petitioner,

versus

JOHN ASHCROFT, UNITED STATES
ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A29 818 728 )
_____

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Amin Noorani, a native and citizen of India, petitions for review of a final order of

deportation. He contends the Immigration Judge (IJ) erred by denying his application for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

adjustment of status pursuant to 8 U.S.C. § 1255(a) because the IJ incorrectly determined that he was likely to become a public charge. See 8 U.S.C. § 1182(a)(4)(C). We do not reach that issue because the Board of Immigration Appeals (BIA) abused its discretion by failing to rule on Noorani's motion to supplement the record with additional evidence. Accordingly, we reverse and remand to the BIA for proceedings consistent with this opinion.

1.      Noorani's motion was entitled a "Motion to Supplement the Record." The motion asked the BIA to consider Noorani's previously unavailable 1999 tax return when reviewing the IJ's decision to exclude Noorani on the ground that he is likely to become a public charge. Thus, it was clearly a motion to reopen the proceedings for the introduction of material, previously unavailable evidence. 8 C.F.R. § 3.2(c)(1). Such motions filed during the pendency of an appeal to the BIA are treated as motions to remand. Id. § 3.2(c)(4). As this regulation provides that the BIA may rule on a motion to remand with respect to its content and not its title, we are not troubled by Noorani calling his motion a "Motion to Supplement the Record."

2.      In any event, the BIA did not decline to rule on Noorani's motion on the basis that it did not comport with formal requirements. Instead, the BIA adopted the opinion of the IJ without ruling on the motion at all. We will not assume the BIA denied the motion on formal grounds where it dispensed altogether with the formality of issuing a ruling. See Ubau-Marenco v. INS, 67 F.3d 750, 757-58 n.9 (9th

2

Cir.1995), <u>overruled on other grounds by</u> <u>Fisher v. INS</u>, 79 F.3d 955, 963 (9th Cir.1996) (en banc) (holding that the Immigration and Naturalization Act does not allow courts to take judicial notice of facts not in the administrative record).

3.  We review the BIA's denial of a motion to reopen for abuse of discretion. <u>See</u> <u>Osuchukwu v. INS</u>, 744 F.2d 1136, 1141 (5th Cir. 1984). "The Board . . . has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." <u>Id.</u> at 1142-43. In the present case, the record does not indicate that the BIA considered the motion at all, and it certainly did not announce its decisions in terms sufficient to enable a reviewing court to evaluate it.

4.  Thus, the BIA abused its discretion by failing to rule on Noorani's motion to supplement the record, which should have been treated as a motion to remand. 8 C.F.R. § 3.2(c)(4). Accordingly, we remand the case to the BIA to allow that agency to evaluate Noorani's motion. In so doing, we express no opinion on the merits of the petition.

5.  We do note that if the 1999 tax return with required attachments should satisfy the affidavit of support income requirements, it would be a serious mistake to deport the only means of support for Noorani's wife and three children.

VACATED and REMANDED.

3